# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.H., by and through his guardian ad litem, MELODY HAAK,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CEDAR FAIR, L.P., d/b/a KNOTT'S SOAK CITY, USA; RAUL REHNBORG,<br><br>　　　　　　　　　　　　　　　Defendants. | CASE NO. 07CV01974-AJB (POR)<br><br>ORDER DENYING JOINT MOTION FOR CLARIFICATION AS MOOT; VACATING ORDER; AND SETTING REMAINING PRETRIAL DATES<br><br>[Doc. No. 70] |

　　　Plaintiff E.H., a minor, appears by and through his mother, Melody Haak, his guardian ad litem in this Americans with Disabilities suit. During the pretrial conference, Honorable Larry A. Burns, then presiding over this action, granted the parties leave to file additional motions for summary judgment on legal questions in order to streamline the issues for trial.[1] Thereafter, the case was transferred to the under-signed, along with a joint motion to clarify the substance of the summary judgment motions that can be filed. The Court has reviewed Judge Burn's Order [Doc. No. 67], the joint motion [Doc. No. 70], the declarations of counsel and the record, and for the reasons set forth below, the Court hereby ORDERS as follows:

---

[1] Judge Burns held the pretrial conference on July 12, 2010, which was <u>not recorded.</u> The parties' proposed pretrial order listed 62 disputed issues of fact and identified 24 questions of law. Judge Burns criticized the parties' proposed pretrial order as being too long in such a straightforward case and encouraged the parties to file another round of summary judgment motions to streamline the questions of law. Judge Burns scheduled dates for in limine motions and "follow-up motions for summary judgment." *See* Doc. No. 67.

1. Judge Burn's Order of July 12, 2010, [Doc. No. 67], is hereby **VACATED** as there is no record for this Court to review to determine why Judge Burns ordered a second round of summary judgment motions or what the scope of those motions was to be. Given the absence of a record and the parties' disagreement regarding the scope of the proposed motions, the Court sees no way to proceed under the July 12, 2010 Order.

2. The parties' joint motion, [Doc. No. 70], for clarification of Judge Burn's Order of July 12, 2010, is hereby **DENIED AS MOOT**.

3. Counsel must comply with the Pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before ***September 9, 2011***.

4. This order replaces the requirements under CivLR 16.1(f)(6)(c). No Memoranda of Law or Contentions of Fact are to be filed.

5. The parties shall meet and confer on or before ***September 9, 2011*** and prepare a proposed pretrial order containing the following:

   1. A statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

   2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

   3(a). A list, in alphabetical order, of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

   3(b). A list, in alphabetical order, of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

   3(c). A list, in alphabetical order, of additional witnesses, including experts,

|   |   |
|---|---|
| 1 | counsel do not expect to call at this time but reserve the right to call at trial along |
| 2 | with a brief statement, not exceeding four sentences, of the substance of the |
| 3 | witnesses' testimony. |
| 4 | 4(a).    A list of all exhibits that counsel actually expect to offer at trial with a |
| 5 | one-sentence description of the exhibit. |
| 6 | 4(b).    A list of all other exhibits that counsel do not expect to offer at this time but |
| 7 | reserve the right to offer if necessary at trial with a one-sentence description of the |
| 8 | exhibit. |
| 9 | 5.    A statement of all facts to which the parties stipulate.  This statement shall |
| 10 | be on a separate page and will be read to and provided to the jury. |
| 11 | 6.    A list of all deposition transcripts by page and line, or videotape depositions |
| 12 | by section, that will be offered at trial in lieu of live testimony. |
| 13 | The Court encourages the parties to consult with the assigned magistrate judge to work out |
| 14 | any problems in preparation of the proposed pretrial order.  The court will entertain any |
| 15 | questions concerning the conduct of the trial at the pretrial conference. |
| 16 | 6.    Objections to Pre-trial disclosures must be filed no later than ***September 23, 2011***. |
| 17 | 7.    The Proposed Final Pretrial Conference Order as described above must be prepared, |
| 18 | served, and lodged **on or before *September 30, 2011***. |
| 19 | 8.    The final Pretrial Conference is scheduled on the calendar of **Judge Battaglia** on |
| 20 | ***October 7, 2011* at *1:30 p.m.*** The briefing and hearing dates for motions in limine and the |
| 21 | trial date will be set at the pretrial conference. |
| 22 | 9.    A post trial settlement conference before a magistrate judge may be held within 30 |
| 23 | days of verdict in the case. |
| 24 | 10.    The dates and times set forth herein will not be modified absent extreme good |
| 25 | cause. |
| 26 | 11.    Dates and times for hearings on motions should be approved by the Court's clerk |
| 27 | before notice of  hearing is served. |
| 28 | 12.    Briefs or memoranda in support of or in opposition to any pending motion must not |

exceed twenty-five (25) pages in length without leave of a district judge.  No reply memorandum must exceed ten (10) pages without leave of a district judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.  The parties are expected to read and comply with all Civil Local Rules and Chambers Rules.

**IT IS SO ORDERED.**

DATED:  August 24, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge