1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

APR 1 6 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELISHA HAAK, by and through his Guardian )
Ad Litem, MELODY HAAK, )
                                          )
                    Plaintiff, )
                                          )
v. )
                                          )
CEDAR FAIR, LP, )
                                          )
                    Defendant. )
_____ )

Civil No.07cv1974 AJB (POR)

FINAL JURY INSTRUCTIONS

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## EVIDENCE FOR LIMITED PURPOSE

Some evidence has been admitted for a limited purpose only.

When I instructed you that an item of evidence had been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## STIPULATIONS OF FACT

The parties have agreed that the plaintiff is a disabled person for coverage under the Americans with Disabilities Act (ADA). You should, therefore, treat this fact as having been proved.

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Soni Ratawni was taken on August 29, 2008.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## THE ADA PROHIBITS DISCRIMINATION AGAINST PEOPLE WITH DISABILITIES BY OWNERS AND OPERATORS OF PLACES SUCH AS WATER PARKS

The Americans with Disabilities Act states that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns or operates a place of public accommodation.  A water park is a place of public accommodation.

**DISCRIMINATION INCLUDES A FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES TO ACCOMMODATE PEOPLE WITH DISABILITIES**

It is a violation of the Americans with Disabilities Act to fail to make reasonable modifications to policies, practices, or procedures, when such modifications are necessary to provide full and equal access to, and enjoyment of, a water park's attractions and facilities to guests with disabilities, unless the defendant can demonstrate that making such modifications would fundamentally alter the nature of the water park.

## ACCOMMODATIONS ARE NOT PREFERENTIAL TREATMENT

The ADA defines discrimination as a public accommodation treating a disabled patron the same as other patrons despite the disabled person's need for a reasonable modification of a policy or a reasonable accommodation. The ADA's implementing regulations are designed "to place those with disabilities on an equal footing, not to give them an unfair advantage."

**ADA - DISCRIMINATION - BURDEN OF PROOF**

An individual alleging discrimination under the ADA must show that:

(1)     He is disabled as that term is defined by the ADA;

(2)     The defendant is a private entity that owns, leases, or operates a place of public

accommodation;

(3)     The defendant employed a discriminatory policy, practice or procedure; and

(4)     The defendant discriminated against the plaintiff based upon the plaintiff's

disability by:

(a) failing to make a requested reasonable

modification that was (b) necessary to accommodate

the plaintiff's disability.

## Business Entities Act Through Their Employees, Partners and Officer

Soak City is a limited partnership and as such can act only through its employees, partners and officers. Any act or omission of an employee, partner or officer of Soak City within the scope of that employee's employment is, under the law, the act or omission of Soak City. If you find that Soak City's employees including, but not limited to, Raul Rehnborg, Soni Rawtani, Monico Aranzubia and Malia Mason, were acting within the scope of their employment when the incident occurred, then Soak City is responsible for any harm caused by the employees' discriminatory conduct.

## REQUEST FOR ACCOMMODATION - FUTILE GESTURE NOT REQUIRED

A person with a disability is not required to engage in a futile gesture if such person has actual notice that a person or organization does not intend to comply with the ADA's provisions.

## REASONABLENESS OF REQUESTED MODIFICATION - BURDENS OF PROOF

The Plaintiff has the burden of proof on reasonableness by proposing and putting forth evidence of an accommodation that is generally reasonable. The Plaintiff meets this burden by introducing evidence that the requested modification is reasonable in the general sense, that is, reasonable in the run of cases.

If the Plaintiff meets this burden, the Defendant must make the requested modification unless the Defendant meets its burden of proving that the requested modification would fundamentally alter the nature of the water park. The type of evidence that satisfies the Defendant's burden focuses on the specifics of the Plaintiff's or Defendant's circumstances and not on the general nature of the accommodation. You should consider evidence of the specific circumstances of the Plaintiff or the Defendant only in determining if the Defendant met their burden of proof as to a fundamental alteration defense. You may not consider the specific circumstances of the Plaintiff or the Defendant in determining whether the Plaintiff met his burden of showing that the requested modification is reasonable in the general sense, or the run of cases.

## UNRUH CIVIL RIGHTS ACT

Under the Unruh Civil Rights Act, all persons, no matter what their disability, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

One method by which the Plaintiff may prove a violation of the Unruh Civil Rights Act is by proving a violation of the Americans with Disabilities Act. That is, any violation by the Defendant of the rights of the Plaintiff under the Americans with Disabilities Act shall also constitute a violation of the Unruh Civil Rights Act.

## UNRUH CIVIL RIGHTS ACT - DAMAGES AVAILABLE

Plaintiff is entitled to recover damages against the Defendant under the Unruh Act if the Plaintiff personally encountered discrimination on a particular occasion. Plaintiff is also entitled to recover damages if he was deterred from accessing the water park on a particular occasion because of the park's discriminatory policies, practices and procedures.

If the Defendant committed violations of the Unruh Act, by virtue of its violation of the ADA, the Defendant is liable for each offense for the Plaintiff's actual damages, and any additional amount as you may determine, up to a maximum of three times the amount of the Plaintiff's actual damages.

"Actual damages" as used in the Unruh Civil Rights Act means both special and general damages, and includes damages for loss of enjoyment, hurt feelings, disappointment, inconvenience, emotional pain, humiliation, anxiety, distress and any and all other detriment caused by Defendant's discrimination, whether it could have been anticipated or not. No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for non-economic damages. Nor is the opinion of any witness required as to the amount of such reasonable compensation. Furthermore, the argument of counsel as to the amount of damages is not evidence of reasonable compensation. In making an award for damages you shall exercise your authority with calm and reasonable judgment and the damages you fix shall be just and reasonable in the light of the evidence.

In no case should you award Plaintiff less than $4,000.00 per offense, even if you determine that he has not suffered any actual damage.

## DAMAGES - ATTORNEYS FEES OR COURT COSTS

If you should find for the plaintiff, you should not take into consideration attorneys' fees or court costs in deciding on the amount of his damages. The matter of attorneys' fees and costs will be decided later by the Court.

## DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## RETURN OF VERDICT

A verdict form has been prepared for you that includes questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form in the order they appear. Afer you answer a question, the form tells you what to do next. All seven (7) of you must deliberate on and answer each question. All seven (7) of you must agree on an answer before all of you can move on to the next question. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.